IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAREN FELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:08-cv-01557-ESH/DAR |
| ) | |
| KENNETH FELD *et al.*, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT
OF HER MOTION TO COMPEL PRODUCTION OF
DOCUMENTS IN RESPONSE TO THIRD-PARTY SUBPOENA**

Pursuant to Fed. R. Civ. Pro. 45(c)(2)(B)(i) and Local Rule LCvR 7(a), Plaintiff Karen Feld submits this memorandum of points and authorities in support of her motion to compel People for the Ethical Treatment of Animals ("PETA") to produce documents in response to Plaintiff's subpoena. For the reasons set forth herein, Plaintiff respectfully requests the Court order PETA to produce for inspection and copying transcripts of deposition and trial testimony of Defendant Kenneth Feld and certain individuals acting on behalf of Defendants Kenneth Feld or Feld Entertainment, Inc. ("FEI") (together with Kenneth Feld the "Defendants").

**STATEMENT OF FACTS**

Plaintiff and Defendant Kenneth Feld are sister and brother. Kenneth Feld is the CEO of FEI, a privately held corporation which represents itself to be the world's largest live entertainment company. Plaintiff has alleged that the Defendants caused her to be assaulted at a *shiva* held after Plaintiff's and Defendant Kenneth Feld's aunt passed away. (*Compl.*, Doc. 1, at ¶¶ 71-93). Upon information and belief, the individuals who assaulted the Plaintiff were retained by or on behalf of Defendant Kenneth Feld to provide security services. Plaintiff has alleged that

Defendants' unlawful actions were motivated by Kenneth Feld's long-standing malice and hostility towards his sister. (*Id.* at ¶¶ 118-119).

On January 5, 2010, counsel for the Plaintiff served a subpoena *duces tecum* on PETA through its counsel, Phillip Hirschkop.[1] (The subpoena is attached hereto as Ex. 1). The subpoena sought transcripts of depositions and trial testimony in connection with two prior litigations to which the Defendants were parties: *People for the Ethical Treatment of Animals v. Kenneth Feld, et al.*, No. 2004-220181 (Cir. Ct. Fairfax Cnty.) and *People for the Ethical Treatment of Animals v. Steven Kendall, et al.*, No. 2002-204452 (Cir. Ct. Fairfax Cnty.). Exhibit A to the subpoena specified the following documents:

1. All transcripts of depositions and transcripts of testimony of Kenneth Feld, Claire George, Charles Smith, Richard Froemming, Joel Kaplan, Jerry Grunner, Robert Eringer, Steven Kendall, Jerry Sowalsky, and Alan Bloom.

2. All transcripts of depositions and transcripts of testimony of any individual employed by or otherwise acting on behalf of Kenneth Feld, Feld Entertainment, Inc., or any affiliate of Feld Entertainment, Inc., to provide detective or surveillance services in connection with any individual or organization.

As noted above, Kenneth Feld is a party to this case. Charles Smith is a former CFO of Defendant FEI. On January 14, 2010, Jerry Sowalsky verified FEI's interrogatory responses in this case as its Executive Vice President and General Counsel. Upon information and belief, each of the other individuals identified in paragraph 1, above, are current or former employees of or contractors acting on behalf of one or both of the Defendants. Paragraph 2 seeks testimony of other persons providing detective or surveillance activities on behalf of the Defendants, or either of them.

---

[1] That same day, counsel electronically mailed a copy of the subpoena and attachment to Fulbright & Jaworski, counsel to the Defendants.

On January 19, 2010 counsel for the Defendants served a "Notice of Objection" to the subpoena on various boilerplate and other grounds. (Ex. 2). Defendants' principal objection is that the subpoena purportedly violates "numerous protective orders" issued by state courts in Virginia and the Superior Court of the District of Columbia. *Id.* at ¶ 2. Defendants' letter does not indicate what interests were purportedly protected by these orders. Moreover, there is no authority in Rule 45 for anyone other than the Respondent to interpose an objection to the subpoena.

On January 20, 2010, counsel for PETA served on the Plaintiff objections to the subpoena pursuant to Rule 45(c)(2)(B). (Ex. 3). In that letter, PETA disputes the Defendants' contention that they have standing to object to the subpoena. However, on its own behalf PETA states:

> The basis of the objection is that the subpoena is burdensome because of the threats and efforts of Fulbright & Jaworski to improperly obstruct response to the subpoena. PeTA is not a party to this litigation and has no interest in the outcome of the litigation. PeTA believes that it is up to the Court to decide if these materials are relevant and/or protected and should or should not be produced.

*Id.* at 1. Accordingly, Plaintiff has brought the within motion to compel production of the testimony which is subject to the subpoena.

## ARGUMENT

Fed. R. Civ. Pro. 26(b) permits discovery of materials which are either relevant or reasonable calculated to lead to the discovery of admissible evidence. In addition to Kenneth Feld and Mr. Sowalsky, who verified FEI's interrogatory responses, upon information and belief each of the individuals identified in the subpoena either was employed by, or contracted to perform services for, one or both of the Defendants. As noted above, Plaintiff has alleged that she was assaulted by security contractors working for her brother or FEI and, further, that the

Defendants regularly employ and control contractors of this type. (Doc. 1 at ¶¶ 58 and 59). Upon information and belief, the Virginia cases identified above involved, *inter alia,* allegations that the defendants, including Kenneth Feld and FEI, conspired to damage the plaintiffs in their trade or business, and that the defendants utilized the services of detectives and other contractors in furtherance of such conspiracy.

As a threshold matter, it is well-settled that the Federal Rules envision "generally unrestricted access to sources of information [during discovery], and the courts have so interpreted [them]." *Horizons Titanium Corp. v. Norton Co.,* 290 FR.2d 421, 425 (1st Cir. 1961). *See also Harris v. Nelson,* 394 U.S. 286, 297 (1969) (Rule 26 "has been generously construed to provide a great deal of latitude for discovery"). Prior testimony may be used for, among other things, impeachment of witnesses. *Cf.* Fed. R. Civ. Pro. 32(a)(2) (any party may use deposition testimony to contradict or impeach a witness). All impeachment evidence is discoverable in response to a specific request. *Newsome v. Penske Truck Leasing Corporation,* 437 F.Supp.2d 431, 436-37 (D.Md. 2006). In the instant case, Plaintiff intends to introduce evidence of her brother's long-standing animosity towards her and his efforts at interfering with and otherwise impeding her professional and personal affairs. The testimony requested is limited to that of the individual Defendant and those acting on behalf of the corporate Defendant who may have authorized and/or participated in such efforts.

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that her Motion to Compel be granted.

Respectfully submitted,

**OSTER LAW FIRM**

*/s/ Steven M. Oster*

---

Steven M. Oster, Esq., #376030
1050 17th Street, NW
Suite 700
Washington, DC 20036
(703) 577-8785
(202) 747 5862 (Facsimile)
*Attorney for Plaintiff*


**BONNER KIERNAN TREBACH & CROCIATA, LLP**

*/s/ Christopher E. Hassell*

---

Christopher E. Hassell, #291641
Nimalan Amirthalingam, #485117
1233 20th Street, N.W., Suite 800
Washington, D.C.  20005
(202) 712-7000
(202) 712-7100 (Facsimile)
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served *via* the court's electronic filing system this 22nd day of January, 2010, to:

Joseph T. Small, Jr., Esq.
Caroline M. Mew, Esq.
Fulbright & Jaworski L.L.P.
801 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
*Attorney for Defendants Feld Entertainment, Inc., and Kenneth Feld*

and *via* first-class mail, postage pre-paid, to:

Phillip J. Hirschkop, Esq.
Hirschkop & Associates, P.C.
908 King Street, Suite 200
Alexandria, VA 22314-2013
*Attorney for Respondent People for the Ethical Treatment of Animals*

*/s/ Steven M. Oster*
_____
Steven M. Oster