## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KAREN FELD,

       Plaintiff,

  v.

KENNETH FELD *et al*,

       Defendant.

Civil Action No. 08-1557 (ESH) (AK)

### MEMORANDUM ORDER

Pending before this Court is Defendants' Motion for Protective Order [139] ("Defendants' Motion") and Memorandum of Points and Authorities in Support of Defendants' Motion for Protective Order [139-1] ("Defendants' Memorandum"), Plaintiff's Opposition [150], and Defendant's Reply [151].  All documents pertaining to Defendants' Motion have been sealed pending final resolution by the Court.  (*See* Min. Order, Mar. 1, 2011.)  The Court further considers Defendants' objections to discovery matters named in the Joint Status Report of Remaining Fact Discovery (Feb. 24, 2011 [137]) that the Court deferred ruling upon because they relate to the present motion (Order, Mar. 7, 2011 [142]).  Upon consideration of the pleadings as well as the entire record in this case, the Court **grants-in-part** and **denies-in-part** Defendants' Motion.

I.      **Background**

        Defendants' Motion comes at the end of a long and protracted discovery battle between

the parties that continues to this day, nearly two months past the deadline for fact discovery as set

by this Court.  (*See* Amended Scheduling Order for the Completion of Discovery, Nov. 4, 2010

[104].)  The present dispute arises out of a line of questioning Plaintiff posed to Defendant

Kenneth Feld ("Mr. Feld" or "Defendant") during Mr. Feld's deposition sessions regarding a

now-settled case, *Pottker v. Kenneth Feld* ("*Pottker* case"), 1999-CA-008068 B (D.C. Super. Ct.

1999), which involved events from the late 1980s.  While Mr. Feld was a defendant in the

*Pottker* case, Plaintiff Karen Feld ("Ms. Feld" or "Plaintiff") was not a party.  During Plaintiff's

deposition of Mr. Feld, Plaintiff attempted to inquire into the factual allegations of the *Pottker*

case.  Mr. Feld answered questions regarding the *Pottker* case that pertained directly to Ms. Feld

(*see* Defs.' Memo 4), but Defendants' counsel objected to and instructed Mr. Feld not to answer

at least seventeen (17) questions which did not pertain to Ms. Feld (*see id.* at 7-8).

        Defendants' move for a protective order to prevent Plaintiff from asking deposition

questions regarding factual allegations in the *Pottker* case that do not relate to Karen Feld,

including the seventeen (17) questions referenced above.  (Defs.' Mot. 1)  Defendants' argue that

the factual allegations of the *Pottker* case are wholly irrelevant to the present matter – a diversity-

jurisdiction tort suit involving an alleged physical assault of Plaintiff by Defendants' security

guards at a family gathering, the 2007 *shiva* of the parties' Aunt Shirley – and are raised only to

harass and embarrass Mr. Feld.  (Defs.' Mot. 1)  Defendants' further argue that the *Pottker* line

of questioning is forbidden by a February 2010 ruling of Magistrate Judge Deborah A.

Robinson.[1]  (*See* Trans. Of Motion Hearing Before the Hon. Deborah A. Robinson, Feb. 18, 2010 [69].)  During a hearing on Plaintiff's motion to compel a third-party to produce documentation related to the *Pottker* case, Plaintiff argued before Judge Robinson that the requested documents were relevant to Mr. Feld's "animus" for and ongoing "vendetta" toward his sister, Ms. Feld. (*See id.* 4-12.)  Judge Robinson ruled that Plaintiff had not made a showing of relevance sufficient to satisfy Federal Rules of Civil Procedure 26 and 45 on the issues of "animus" or "vendetta" to show that discovery on these issues is required.  (*See id.* 12-13.)  Plaintiff did not appeal this ruling.  (Defs.' Memo. 4.)

Plaintiff argues that Judge Robinson's February 2010 ruling does not apply to the present line of questioning because Plaintiff has since then established further evidence to prove the relevance between the *Pottker* allegations and Mr. Feld's animus for and ongoing vendetta toward his sister.  (*See* Pl.'s Opp'n 19-21.)  Plaintiff argues that the allegations in the *Pottker* case are relevant to the present dispute in four ways: 1) they demonstrate Mr. Feld's "antipathy" toward his sister, Ms. Feld; 2) Mr. Feld allegedly suspected or blamed Ms. Feld for the events that gave rise to the allegations in the *Pottker* case; 3) Mr. Feld allegedly hired security personnel in the *shiva* case "for the purpose of surveillance [of], manipulation [of], and vengeance [toward Ms. Feld]"; and 4) to prove Mr. Feld is willing to discredit the Plaintiff as delusional or paranoid in order to prevent Plaintiff from disclosing private family information to the public.  (*See* Pl.'s Opp'n 1-2.)

---

[1] This case was previously referred to Judge Robinson for the resolution of discovery disputes.  (*See* Order of Referral, Oct. 13, 2009 [31].)  In May of 2010, discovery disputes were re-referred to the undersigned.  (*See* Order of Referral, May 25, 2010 [72].)

## II.       Legal Standard

Under Federal Rule of Civil Procedure 26(c), a Court may, for good cause, issue an order

to protect a party or person from undue burden or expense of discovery, including "specifying

terms, including time and place, for the disclosure or discovery." FED. R. CIV. P. 26(c).  The rule

"confers broad discretion on the trial court to decide when a protective order is appropriate and

what degree of protection is required." *Seattle Time Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

The party seeking the protective order bears the burden of making the showing of good cause

contemplated by Rule 26(c).  *Alexander v. FBI*, 186 F.R.D. 71, 75 (D.D.C. 1998).

## III.     Discussion

### A.       Deposition Questions Posed to Kenneth Feld Regarding the *Pottker* Case

Upon consideration of the facts and circumstances in the instant case, the Court grants

Defendants' motion for a protective order to prevent Mr. Feld from answering deposition

questions regarding the *Pottker* case that do not relate to Karen Feld, over the objection of

Plaintiff.  As the Plaintiff notes, this Court has found that "Kenneth Feld's relationship with, and

attitudes towards his sister, Plaintiff Karen Feld ... is reasonably calculated to lead to the

discovery of admissible evidence." (Order, Feb. 2, 2011 [124].)  However, this finding is not a

broad permission slip for Plaintiff to seek discovery on matters outside the broad scope of

relevance as set forth in Federal Rule of Civil Procedure 26.  There is no relevance between the

events of the Pottker case from more than two decades ago and that do not relate to Karen Feld or

the events of the 2007 *shiva*.  Any alleged feeling of animus between Mr. Feld and Ms. Feld may

be relevant, but that does not permit Plaintiff to revisit factual allegations against Mr. Feld that

do not pertain to the Plaintiff.

4

B.      Defendant's Remaining Objections from the Joint Status Report

This Court deferred ruling on discovery matters listed in the Joint Status Report of Remaining Fact Discovery (Feb. 24, 2011 [137]), that pertain to the current motion (Order, Mar. 7, 2011 [142])).  Plaintiff's outstanding discovery requests include: 1) *Pottker* case deposition transcripts of Kenneth Feld, Chuck Smith, and Alan Bloom; and 2) any and all documents which refer, relate, or concern "the manuscript" (in the *Pottker* case).  (Joint Status Report, Feb. 24, 2011 at 2, 3 [137].)  Defendant objects to both requests.  (*See id.*)  This Court finds that questions relating to factual allegations in the *Pottker* case not pertaining to Ms. Feld are not "reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  Further, the *Pottker* case has settled and the parties involved are bound by the terms of a confidentiality agreement.  (*See* Defs.' Mot. 1, citing Consent Order Dismissing Claims with Prejudice and Disposing of Other Issues in Lawsuit, *Pottker et al. v. Feld et al.*, No. 99-CA-008068 (D.C. Super. Ct. Nov. 20, 2008).  As stated above, this Court does not find sufficient evidence to warrant requiring Defendant to produce the above-referenced documents pertaining to the *Pottker* case.  As such, Defendants' objections are sustained.

C.      Conclusion of Defendant Kenneth Feld's Deposition

Though this Court grants Defendants' protective order regarding deposition questions pertaining to allegations in the *Pottker* case, this Court will not order Mr. Feld's deposition concluded.  If Plaintiff has further relevant inquiries for Mr. Feld, including but not limited to any alleged feelings of animus he may harbor for his sister, Karen Feld, or specific factual allegations regarding Kenneth Feld and Karen Feld that may demonstrate the alleged animus as it

pertains to the alleged assault at the 2007 *shiva* of their Aunt Shirley, Plaintiff may depose Mr. Feld for the remaining approximately three (3) hours of his twenty (20) hours of deposition time.

### D.   Conclusion of Non-Party Charles Smith's Deposition

The parties agreed that non-party Charles Smith's deposition would be resumed if the Defendants' Motion for Protective Order is denied.  (*See* Pl.'s Opposition 2, n. 3) Given this Court's above ruling in section (A) above, this Court orders that Charles Smith's deposition is concluded.  Charles Smith is a third party and if allowed by the trial court may be called as a witness during Plaintiff's case in chief or as a rebuttal witness and testify as to his personal knowledge of any animus between the sibling parties.

### E.   Defendants' Motion for Attorneys' Fees; Plaintiff's Motion for Sanctions

 Defendants move for reasonable attorneys' fees and costs incurred in filing Defendants' Motion for Protective Order.  (Defs.' Memo 13.)  Plaintiff in turn moves for an imposition of sanctions equal to Plaintiff's attorneys' fees incurred in responding to the motion and resuming the depositions of Defendant Kenneth Feld and non-party Charles Smith.  (Pl.'s Opp'n 3, 21-22.) The Court reminds the parties of the trial court's statements in the Status Conference on February 23, 2011, regarding Defendants' proposed motion for sanctions, that these final weeks before trial are not the time for punitive measures.  As the parties rush to complete their fact and expert witness discovery for the impending trial on May 9, 2011, this Court urges the parties to re-focus their attention on substantive matters and not take their limited time to file motions for punitive measures such as the above referenced motions for attorneys' fees and sanctions.  After the conclusion of the trial, the parties will have an opportunity, if they wish, to re-file their motions with the Court.

6

For the foregoing reasons, it is by the Court, this 21st day of March, 2011, hereby

**ORDERED** that Defendant Kenneth Feld is not required to answer deposition questions pertaining to allegations in *Pottker v. Kenneth Feld*, 1999-CA-008068 B (D.C. Super. Ct. 1999), including but not limited to the seventeen (17) deposition questions listed in Defendants' Memorandum (Defs.'s Memo. 7-8); and it is,

**FURTHER ORDERED** that Defendants' remaining objections from the Joint Status Report of Remaining Fact Discovery [137] to Defendants producing 1) *Pottker* case deposition transcripts of Kenneth Feld, Chuck Smith, and Alan Bloom; and 2) any and all documents which refer, relate, or concern "the manuscript" (in the *Pottker* case) are **sustained**; and it is,

**FURTHER ORDERED** that Plaintiff may depose Defendant Kenneth Feld for the remaining approximately three (3) hours of his twenty (20) hours of deposition time and may inquire into the alleged feelings of animus he may harbor for his sister, Karen Feld, or specific factual allegations regarding Kenneth Feld and Karen Feld that may demonstrate the alleged animus as it pertains to the events giving rise to the alleged tortious acts during the 2007 *shiva* of their Aunt Shirley; and it is,

**FURTHER ORDERED** that non-party Charles Smith's deposition is concluded; and it is,

**FURTHER ORDERED** that Defendants' motion for attorney fees and Plaintiff's cross-motion for sanctions are **denied without prejudice** but may be re-filed after the conclusion of trial.

**SO ORDERED.**

_____/s/_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE