UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                      )
**KAREN FELD,**                                )
                                                      )
      **Plaintiff,**                          )
                                                      )
      v.                                         )     Civil Action No. 08-1557 (ESH)
                                                      )
**KENNETH FELD, et al.**              )
                                                      )
      **Defendants.**                      )
_____ )

## MEMORANDUM OPINION AND ORDER

Before the Court is plaintiff's Motion in Limine, which, *inter alia*, seeks to preclude defendant Kenneth Feld from introducing evidence of compensatory damages on his trespass claim. For the reasons stated herein, the Court will grant this aspect of plaintiff's motion.

In tort actions, "compensatory damages are the damages awarded to a person as compensation, indemnity or restitution for harm sustained," Restatement (Second) of Torts ("Restatement") § 903, and are "intended to redress the concrete loss that the plaintiff has suffered by reason of the defendant's wrongful conduct." *Modern Mgmt. Co. v. Wilson*, 997 A.2d 37, 56 (D.C. 2010) (quoting *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416 (2003)). "Compensatory damages are not confined to direct pecuniary losses," 25 C.J.S. *Damages* § 22, for successful plaintiffs may recover compensatory damages for "bodily harm" or "emotional distress" without proof of pecuniary loss. Restatement § 905. For intentional torts such as trespass it is well-established under District of Columbia law that a plaintiff may recover emotional distress damages, even where unaccompanied by physical injury. *Nnadili v. Chevron U.S.A. Inc.*, 435 F. Supp. 2d 93, 99 (D.D.C. 2006) (citing cases).

Here, Kenneth Feld has not alleged pecuniary loss or bodily harm resulting from Karen Feld's alleged trespass.  (*See* Answer and Counterclaim of Defendant Kenneth Feld ["Answer"]; Pl.'s Trial Brief at Ex. 3.)  Rather, Kenneth Feld seeks compensatory damages for: "the desecration at the *shiva* and the memory of Aunt Shirley and the lasting effect and impression that it had" on him and the other mourners at the *shiva*" (Pl.'s Motion in Limine ["Pl.'s Mot."] at Ex. 1), and "the disrupt[ion] and interfere[nce] with a religious rite and service at which Kenneth Feld and his guests sought to mourn the death of Shirley Feld" (Answer ¶ 33).  Defendant claims, however, that he has "never purported to seek emotional distress damages in this case" (Defendants' Opposition to Plaintiff's Motion in Limine ["Pl.'s Mot. Opp."] at 3), and has blocked plaintiff's attempts at discovery as to the nature and extent of any psychological or emotional damages.  (Pl.'s Mot. at 3 & Ex. 2.)  In light of these facts, plaintiff argues that while defendant has asserted a claim for trespass, he has disclaimed any and all valid theories by which he might establish compensatory damages for that trespass.  The Court agrees.

Although reaffirming that he "has never purported to seek emotional distress damages in this case," Kenneth Feld argues that he may seek compensatory damages for "annoyance and discomfort" pursuant to Section 929 of the Restatement, as well as for "plaintiff's interference with his use and enjoyment of his property."  (Pl.'s Mot. Opp. at 2-3).  Neither is a valid alternate basis for compensatory damages under the facts of this case.

Under District of Columbia law, a plaintiff alleging trespass may seek damages pursuant to Section 929 of the Restatement, which provides in pertinent part: "If one is entitled to a judgment for harm to land resulting from a past invasion and not amounting to a total destruction of value, the damages include compensation for . . . (c) discomfort and annoyance to him as an occupant."  Restatement § 929; *Nnadili*, 435 F. Supp. 2d at 100 (concluding that District of

Columbia would follow Section 929 of the Restatement). Moreover, Kenneth Feld is correct that "annoyance and discomfort damages are distinct from general damages for mental and emotional distress," *Kelly v. CB&I Constructors, Inc.*, 179 Cal. App. 4th 442, 456 (2009), and that courts "have permitted recovery for annoyance and discomfort damages on nuisance and trespass claims while at the same time precluding recovery for 'pure' emotional distress." *Id.* (citing *Slovek v. Board of County Commissioners*, 697 P.2d 781 (Colo. App. 1984)). By its own terms, however, Section 929 of the Restatement is limited to situations involving "harm to land," and there is no such allegation in this case.[1] (*See* Pl.'s Trial Brief at Ex. 3.) Indeed, the cases cited by Kenneth Feld in support of "annoyance and discomfort" damages each involved some species of harm to the property trespassed upon. *See, e.g.*, *Jenkins v. Ellis*, 2008 Mass. App. Div. 109, 111-12 (2008) (trespasser cut down $6,500 worth of trees); *Kornoff v. Kingsburg Cotton Oil Co.*, 288 P.2d 507, 508 (Cal. 1955) (fumes and waste materials emitted by nearby plant covered owners' house and shop with ginning waste and caused "injury to their real property"); *Gallagher v. Grant-Lafayette Elec.*, 249 Wis. 2d 115, 137 (Wis. App. 2001) ("The claim of trespass in this case involves a past invasion and harm of the [plaintiffs'] land."); *Kelly*, 179 Cal. App. 4th at 457 (brush fire caused significant damage to ranch owned by plaintiff).

Nor can Kenneth Feld base his claim for compensatory damages solely on "plaintiff's interference with his use and enjoyment of his property" (Pl.'s Mot. Opp. at 3), as this merely

---

[1] This is not to say that establishing *liability* for trespass requires a showing of harm to land. It plainly does not, as this Court held in ruling on plaintiff's motion for summary judgment on the trespass claim. (10/22/10 Tr. at 35 ("The law makes it quite clear under the Restatement that inappropriate behavior that doesn't damage someone's property can be a trespass if it is on their property.").) *See also* Restatement § 163 ("One who intentionally enters land in the possession of another is subject to liability to the possessor for a trespass, although his presence on the land causes no harm to the land . . . ."). The Court here is careful to distinguish between "physical invasion of property," a required element of trespass, and "harm to land," which is not required to prove *liability* for trespass, but rather must be proven where a plaintiff seeks to recover "annoyance and discomfort" damages. *See supra*; Restatement § 929.

3

restates defendant's theory for establishing *liability* for trespass.  *See Daily v. Exxon Corp.*, 930 F. Supp. 1,2 (D.D.C. 1996) ("[T]respass in the District of Columbia is the intentional intrusion of a person or thing upon property that invades and disrupts the owner's exclusive possession of that property."); *New York v. Operation Rescue Nat'l*, 2000 U.S. Dist. LEXIS 20059, at *129 (W.D.N.Y. July 26, 2000), *rev'd on other grounds*, 273 F.3d 184 (2d Cir. 2001) (trespass includes "interference with any property right, including the right to the use and quiet enjoyment of property").[2]  Put simply, Kenneth Feld's assertion that plaintiff "interfered with his use and enjoyment" of the property alleges only what plaintiff *did*, not how defendant was *harmed*.  And having disclaimed damages for emotional distress—the usual remedy available to victims of intentional trespass who do not suffer physical or pecuniary injury—defendant has left himself without a valid claim for compensatory damages.

---

[2] Plaintiff has repeatedly claimed that Kenneth Feld has misled the Court by relying on *Operation Rescue*, "for the proposition that a trespass claim could be sustained without a physical invasion of property." (Pl's Mot. at 2; Pl.'s Trial Brief at 6; Plaintiff's Supplement to Pretrial Statement at 1.)  Plaintiff's complaint is off the mark for two reasons.  First, defendant has relied on *Operation Rescue* for an entirely different point of law, namely that a person's behavior while another's property can give rise to a trespass action if that behavior interferes with the owner's use and enjoyment of the property.  The Second Circuit did not in any way disturb this notion, (remanding only because the plaintiffs were not themselves the owners of the property), and this Court adopted this conclusion in denying plaintiff's motion for summary judgment.  Second, Kenneth Feld does not appear to claim that a trespass may lie without physical invasion of property.  Rather, he claims that plaintiff invaded his property in one of two ways: by entering the off-limits areas of the condominium without permission, and by exceeding the scope of her invitation to attend the *shiva*. (*See* Defendant's Opposition to Plaintiff's Motion for Summary Judgment at 7-13.)

5

For the foregoing reasons, plaintiff's motion in limine is **GRANTED IN PART** insofar as evidence of compensatory damages for defendant Kenneth Feld's trespass claim will not be admitted, but rather defendant is limited to seeking nominal damages for this claim.

**SO ORDERED**.

                                         /s/
                                         ELLEN SEGAL HUVELLE
                                         United States District Judge

Date:   April 20, 2011