UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | )
|---|---|
| **KAREN FELD,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 08-1557 (ESH) |
| | ) |
| **KENNETH FELD,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

At the Final Pretrial Conference held April 21, 2011, the Court requested briefing as to the availability of punitive damages for defendant Kenneth Feld's trespassing counterclaim in light of the Court's April 20, 2011 Order [Dkt. No. 171] limiting the defendant to nominal damages for this claim. Having reviewed the parties' submissions, and for the reasons stated herein, the Court will permit defendant to seek punitive damages for this claim.

The parties agree that *Maxwell v. Gallagher*, 709 A.2d 100, 104-105 (D.C. 1998), sets forth the general rule for the District of Columbia that a plaintiff cannot recover punitive damages unless there is a "basis in evidence for actual damages," even if only nominal in amount. This is not to say, however, that nominal damages will always give rise to the availability of punitive damages. Under most circumstances, a mere "technical invasion" of a plaintiff's rights where no actual harm has occurred cannot support punitive damages. *Id*. (quoting *Shell Oil Co. v. Parker*, 291 A.2d 64, 71 (Md. 1972)).

The Court will permit defendant to seek punitive damages in this case for two independent reasons. First, although the Court has precluded Kenneth Feld from seeking

compensatory damages, it did not decide, as a factual matter, that defendant suffered no actual harm. Rather, the Court concluded that, having disclaimed damages for emotional distress, defendant's remaining theories for compensatory damages were invalid under the facts of this case. It is not the *award* of actual damages that gives rise to punitive damages, however, but rather whether there is a "basis in the record" for actual damages. *Griffith v. Barnes*, 560 F. Supp. 2d 29, 37-38 (D.D.C. 2008). Courts have upheld punitive damage awards where such a factual basis was shown, even though no compensatory damages were ultimately awarded. In *Dyer v. William S. Bergman & Assocs., Inc.*, 657 A.2d 1132 (D.C. 1995), the court affirmed an award of punitive damages even though the trial court set aside an award of compensatory damages. The court found that the trial court did not set aside the compensatory damages award on the basis that plaintiff suffered no injury; rather, the trial court wanted to prevent a double recovery due to a prior arbitration award. And in *Griffith v. Barnes*, the court allowed for punitive damages because it found a "basis in the record" for an award of actual damages, even though the plaintiff had not in fact sought actual damages. 560 F. Supp. at 37-38. At the end of the day, if there is still a basis on the factual record to conclude that Kenneth Feld suffered actual harm from the alleged trespass, defendant's failure to seek compensatory damages will not bar him from seeking punitive damages.

Second, a number of courts in states that follow the District's rule on the availability of punitive damages make an exception to this rule in cases of intentional trespass. These courts have ruled that "proof of the trespass creates a presumption that some minimal damage was sustained and that such a presumption will satisfy the rule requiring a showing of actual damages as a prerequisite to an award of punitive damages." 2 Modern Tort Law: Liability and Litigation § 21:49 (2d ed.). For example, the Oregon Supreme Court has held that a plaintiff does not need

to show actual damages to support an award of punitive damages in a case of intentional trespass to land because "the law presumes that a plaintiff has been damaged without the necessity of proof of actual damage." *Rhodes v. Harwood*, 544 P.2d 147, 158 (Or. 1975) (citing Prosser, Law of Torts 66, § 13 (4th ed. 1971)).

Similarly, the Wisconsin Supreme Court has held that the general rule precluding punitive damages without compensatory damages does *not* apply to cases of intentional trespass to land, which "causes actual harm to the individual, regardless of whether that harm can be measured in mere dollars." *Jacque v. Steenberg Homes*, 209 Wis. 2d 605, 622 (1997). The "actual harm" in an intentional trespass is "not in the damage done to the land, which may be minimal, but in the loss of the individual's right to exclude others from his or her property and . . . this right may be punished by a large damage award despite the lack of measurable harm." *Id*. at 617. The court therefore upheld an award of $1.00 in nominal damages and $100,000 in punitive damages.

Although this is a question of first impression in the District of Columbia, the Court finds this rationale persuasive. The proposition that an award of nominal damages will support an award of punitive damages in a "harmless intentional trespass" action is also supported by the Restatement:

> The fact that the actor knows that his entry is without the consent of the possessor and without any other privilege to do so, while not necessary to make him liable, may affect the amount of damages recoverable against him, by showing such a complete disregard of the possessor's legally protected interest in the exclusive possession of his land as to justify the imposition of punitive in addition to nominal damages for even a harmless trespass, or in addition to compensatory damages for one which is harmful.

Restatement (Second) of Torts § 163 cmt. e. The Restatement reiterates this position under the punitive damages section: "[A]n award of nominal damages . . . is enough to support a further

award of punitive damages, when a tort, such as trespass to land, is committed for an outrageous purpose, but no significant harm has resulted." *Id.* § 908 cmt. c.

For the foregoing reasons, the Court will allow defendant Kenneth Feld to seek punitive damages in addition to nominal damages for his trespass claim.

**SO ORDERED**.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: May 8, 2011